

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-18-00076-CR
_____

**RODNEY HORTON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2015-404,799; Honorable Jim Bob Darnell, Presiding

December 4, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Rodney Horton, was convicted by a jury of the offense of possession of a controlled substance (cocaine in an amount of over one gram but less than four grams) with intent to deliver.[1]  The range of punishment was enhanced by two prior felony

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2017).  An offense under this section is a second degree felony.

convictions.[2]  After entering a plea of "true" to both enhancements, the jury returned a verdict assessing Appellant's sentence at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice.  By a single issue, Appellant contends the evidence was insufficient to support the jury's verdict.  We affirm.

BACKGROUND

In December 2014, the Lubbock Police Department set up a "sting" wherein an undercover police officer and a paid confidential informant purchased cocaine from Appellant.  The police officer testified that, by a pre-arranged agreement, Appellant met the undercover officer and confidential informant in a Walmart parking lot.  At that meeting, Appellant exited his vehicle and got into the back seat of the undercover officer's vehicle.  In exchange for three hundred dollars, Appellant handed the undercover officer a bag of crack cocaine.  After the exchange was completed, Lubbock police officers swarmed the undercover officer's vehicle and arrested Appellant.

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most

---

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018).  As enhanced, the offense was punishable by confinement for any term of not more than 99 years or less than 25 years.

favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the jury's role by substituting its judgment for that of the jury. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)). Sufficiency of the evidence is measured against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER

As indicted in this case, a person commits the offense of possession of a controlled substance with intent to deliver if he knowingly possesses, with intent to deliver, a controlled substance listed in penalty group 1 of the Texas Health and Safety Code. *See*

3

TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2017). Cocaine is a controlled substance listed in penalty group 1. *See* § 481.102(3)(D) (West Supp. 2018). Therefore, in order to support the verdict rendered in this case, the State was required to prove, beyond a reasonable doubt, that (1) Appellant, (2) knowingly possessed, (3) with intent to deliver, (4) cocaine, (5) in an amount of one gram or more but less than four grams.

To prove *possession*, the State was required to show that Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the matter he possessed was contraband. *See* § 481.002(38) (West 2017). *See also* TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018); *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). "Deliver" means to transfer, actually or constructively, a controlled substance to another. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (West 2017). An intent to deliver can be proven by direct or circumstantial evidence. *Gaither v. State,* 383 S.W.3d 550, 553 (Tex. App.—Amarillo 2012, no pet.); *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), *aff'd*, 945 S.W.2d 115 (Tex. Crim. App. 1997).

ANALYSIS

Here, Appellant contends the evidence was insufficient because he was set up by the confidential informant, who was in actual possession of the cocaine. He contends his version of the facts is supported by the fact that (1) he was in the undercover officer's vehicle for less than one minute before the bust occurred, (2) there was no video of the transaction made, and (3) the voices heard in an audio recording introduced into evidence were not self-identifying. The undercover officer's direct testimony, however, was that Appellant handed him the cocaine in exchange for three hundred dollars. After the bust,

4

Appellant was found to be in possession of the three-hundred-dollar-buy money. This evidence alone sufficiently establishes that a rational juror could have found the essential elements of the offense beyond a reasonable doubt. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.